**In re HEFFERNAN MEMORIAL HOSPITAL DISTRICT d/b/a Calexico Hospital, an instrumentality of the State of California, Debtor.**

**Bankruptcy No. 95–10251–H9.**

United States Bankruptcy Court, S.D. California.

Oct. 7, 1996.

Joseph C. La Costa, Jeffrey D. Goetz, San Diego, CA, for Debtor.

## MEMORANDUM DECISION

JOHN J. HARGROVE, Bankruptcy Judge.

On September 26, 1996, this Court approved the Heffernan Memorial Hospital District's (the "District") Chapter 9 plan of reorganization (the "Plan"). The Court found, *inter alia*, that certain sales tax revenues (the "Sales Tax Revenues") realized by the District and transferred, assigned and pledged by the District pursuant to its Plan to the Calexico Special Financing Authority (the "Authority") constitute "special revenues" under Bankruptcy Code § 902(2).

This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and General Order No. 312–D of the United States District Court for the Southern District of California. This is a core proceeding under 28 U.S.C. § 157(b)(2)(L).

### FACTS

In 1975, the District was created as a political subdivision under § 32000, *et seq.* of the Health and Safety Code of the State of California. Upon the District's creation, the City of Calexico (the "City") transferred the hospital operating license (the "Hospital Operating License") to the District. The District has continuously held the Hospital Operating License since 1975 and operates an acute care hospital (the "Hospital") in the City.

The Hospital suffered from a multitude of operational and financial problems and on September 21, 1995, the District filed for protection under Chapter 9 of the Bankruptcy Code. On September 26, 1996, this Court approved the District's Plan. Pursuant to the Plan, the District and the City formed the Authority for the purpose of implementing the transactions contemplated under the Plan, including, among other things, the issuance of certain sales tax revenue bonds (the "Bonds") by the Authority and the acquisition by the Authority of certain outstanding indebtedness of the District using the Bond proceeds. The Authority will generate sufficient proceeds from the Bonds (approximately $9 million) to pay creditors in accordance with the Plan. As a result, the District will be indebted to the Authority on account of its "buying" all claims against the District. Accordingly, the District pledged and assigned the Sales Tax Revenue stream[1] to the Authority to secure and provide payment to the bondholders.

Among the confirmation findings requested by the District is the determination that the Special Sales Tax Revenues constitute "special revenues" under Bankruptcy Code § 902(2).

### DISCUSSION

The 1988 Amendments to the Bankruptcy Code added the definition of "special revenues" in § 902(2). The 1988 Amendments were intended to preserve a dichotomy between general obligation and special revenue bonds for the collective benefit of bondholders (to secure the benefit of their bargain), municipalities (to maintain the effectiveness of the revenue bond financing vehicle) and taxpayers (to ensure that revenue obligations were not transformed into general obligations). According to Congress,

---

1. In April 1991, the California State Assembly passed A.B. 1498, which expressly authorized the City to levy a transactions and use tax at the rate of 0.5 percent. The bill, codified in California Revenue and Taxation Code § 7286.20, *et seq.*, specifically required the net proceeds of the tax be used exclusively for the District. Pursuant to that authorization, the sales tax was approved by a super-majority of the voters of the City at a special election conducted on April 14, 1992, and by a majority of the members of the City Council of the City pursuant to Ordinance No. 921 adopted on May 19, 1992. Pursuant to § 7286.21 of the California Revenue and Taxation Code, the net proceeds of the sales tax are to be used exclusively for the District.

the "intent is to define special revenues to include the revenues derived from a project or from a specific tax levy where such revenues are meant to serve as security to the bondholders." H.R. 1011, 100th Cong., 2d Sess. 6–7 (1988) U.S.Code Cong. & Admin.News 1994, pp. 4115, 4120–4121. Further, the "amendment amounts to a recognition of a hypothetical mortgage from which revenues are derived where a real mortgage cannot be created either for legal reasons or because of compelling considerations of public policy." S.Rep. No. 506, 100th Cong., 2d Sess. 12–15 (1988). Congress listed five discrete categories of "special revenues" including taxes pledged to "finance one or more projects or systems." 11 U.S.C. § 902(2)(E).

■ Section 902(2)(E) defines "special revenues" as

taxes specifically levied to finance one or more projects or systems, excluding receipts from general property, sales, or income taxes (other than tax-increment financing) levied to finance the general purposes of the debtor....

To meet the requirement of a "special revenue" under this provision, "taxes must be restricted in use to a specific project or system." 4 *Collier on Bankruptcy* ¶ 902.01A, at 902–6 (15th ed. 1994). In other words, the focus is on the nature and scope of the restrictions placed on the use of the tax receipts. Taxes available for general municipal purposes do not constitute "special revenues." *Id.*

The Sales Tax Revenue stream pledged and assigned to the Authority is not available for general municipal purposes in this case. Rather, the Sales Tax Revenue stream is available only for the purpose of providing security and payment to the bondholders. Furthermore, Resolution 96, passed by the Board of Directors for the District on or about September 24, 1996, states that the Bonds do not constitute a debt or liability of the City or the District, but are payable solely from and secured by an absolute and irrevocable assignment and pledge of the Sales Tax Revenues to the Authority. The bondholders, although secured by the Sales Tax Revenue stream, will not have recourse to the general revenues, tax receipts or oper-

ations of the District, the City or the Authority. Accordingly, the Sales Tax Revenues constitute "special revenues" under § 902(2)(E).

### *CONCLUSION*

This Memorandum Decision constitutes findings of fact and conclusions of law pursuant to Federal Rule of Bankruptcy Procedure 7052.

